IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| JOSE R. DE JESUS OQUENDO | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. 02-1533(SEC) |
| | * | |
| NESTLE DE PUERTO RICO, INC. | * | |
| | * | |
| Defendant | * | |

**********************************

## ORDER

At a Pretrial and Settlement Conference held on September 29, 2004 the parties informed that their settlement negotiations had reached an impasse because they differed as to the correct formula for calculating Plaintiff's hourly rate to be used for determining overtime compensation (Docket # 70). The parties then proceeded to brief the issue for the Court's determination (Dockets ## 73, 74, 79 & 85).

The issue before the Court is whether the computation of any overtime owed to Plaintiff for work performed after August 1, 1998 has to be computed according to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") or whether the computation continues to be guided by local law, 29 P.R. Laws Ann. § 274. If it is the former, a second issue arises as to whether Plaintiff's regular rate of pay would be calculated pursuant to 29 C.F.R § 778.113(a) or 29 C.F.R.114(a).

The first question arises from the parties differing views of the effect of the passage of Act No. 180, 29 P.R. Laws Ann. § 250 et seq. After reviewing the same, the Court finds that it is ambiguous, at best, and does not unequivocally lead to the automatic application of the overtime provisions of the FLSA as suggested by Defendant. In addition, Act No. 180's the statement of motives does not give any indication that it was the legislature's intent to implement federal overtime compensation formulas. Taking into consideration the fact that we are interpreting local labor legislation and that the Puerto Rico Supreme Court has determined that the same must be interpreted liberally or in the manner most favorable to the worker, we find that local law continues to guide the manner in which overtime should be

**Civil No. 02-1533(SEC)**                                                                 2
_____

calculated and compensated. <u>Rodriguez-Rosado v. Syntex, Inc.</u>, 2003 T.S.P.R. 145 (2003). We find most relevant that, although neither party cited any case law in support of their respective positions, a review of the case law reveals that the Commonwealth courts continue to refer to local overtime sections as the current pronouncement. <u>See, e.g.</u>, <u>Almodovar v. Margo Farms del Caribe, Inc.</u>, 99 T.S.P.R. 55 (1999). Noticeably, Section 274 of Act No. 379, 29 P.R. Laws Ann. § 274, which provides the formula for calculating the regular rate for purposes of overtime compensation, has not been repealed. Therefore, we agree with Plaintiff in that local law continues to governs the method for calculating and determining any overtime compensation owed to him.

Having resolved the issue that the parties submitted for the Court's adjudication, the parties should now be in a position to pursue settlement negotiations. The parties are hereby **ORDERED** to inform the Court by **September 9, 2005** of the outcome of said settlement negotiations.

        **SO ORDERED.**
In San Juan, Puerto Rico, this 30th day of August, 2005.

                                      S/ *Salvador E. Casellas*
                                      SALVADOR E. CASELLAS
                                      U.S. Senior District Judge